UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 14-805-TSC |
| NATIONAL SECURITY AGENCY, and DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**

Last year, in response to unauthorized disclosures of classified information about intelligence-gathering activities conducted by the National Security Agency ("NSA"), the government declassified and publicly disclosed certain details about its foreign-intelligence collection pursuant to Section 215 of the USA PATRIOT Act, 50 U.S.C. § 1861(a)(1). Specifically, the government has acknowledged that NSA obtains and may review, pursuant to orders of the Foreign Intelligence Surveillance Court ("FISC"), bulk telephony metadata – business records created by telecommunications service providers that include such information as the telephone numbers placing and receiving calls, the time and duration of such calls, but not their content. According to Plaintiff, Jason Leopold, such revelations by the government "beg the question of whether the NSA has spied on the third branch of government, the judiciary."[1] In an apparent effort to answer that question, Plaintiff submitted the two Freedom of Information Action ("FOIA") requests at issue here – one seeking NSA policies and guidance about the

---
[1] Complaint ("Compl.") ¶ 16, May 14, 2014, ECF No. 1.

"propriety of surveilling federal and state judges" and the other seeking Office of Legal Counsel ("OLC") final legal memoranda and opinions about the propriety of such surveillance. No responsive records were yielded by NSA's and OLC's searches. Not content with that response, Plaintiff now challenges the adequacy of those searches. As demonstrated by the agency declarations submitted herewith, those searches were reasonable and thus should be upheld under FOIA. *See* Declaration of Pamela Phillips ("Phillips Decl."), attached hereto; Declaration of Paul P. Colborn ("Colborn Decl."), attached hereto. The Court accordingly should grant this motion and enter judgment in the government's favor.

**STATEMENT OF FACTS**

By email dated March 10, 2014, Plaintiff submitted a FOIA request to OLC seeking "any and all memoranda and legal opinion from the Office of Legal Counsel about the propriety of surveilling federal and state judges." Compl. ¶ 20. That same day, Plaintiff emailed NSA a FOIA request for "any and all National Security Agency policies, memoranda, training materials and guidance about the propriety of surveilling federal and state judges." *Id*. ¶ 26.

By letter dated April 2, 2014, OLC advised Plaintiff that a search of its files located no records responsive to his request. *See id*. ¶ 22. Plaintiff appealed OLC's determination alleging that OLC's search was inadequate under FOIA. *See id*. ¶ 23. At the time this action was filed, on May 14, 2014, his administrative appeal was still pending. *See id*. ¶ 24. Also then pending was Plaintiff's FOIA request to NSA, which had begun, but not yet completed, the processing of that request. *See* Phillips Decl. Tab 2.

By letter dated August 13, 2014, NSA informed Plaintiff that, to the extent his request "s[ought] NSA policy and guidance documents specifically relating to 'surveilling federal and state judges,'" a thorough search of NSA's files located "no records responsive to your request."

Phillips Decl. Tab 4.  Plaintiff, however, was directed to www.nsa.gov and www.icontherecord.tumblr.com for already publicly available policies, guidance, and training materials, in particular, USSID 18 and Policy 1-23.  *Id.*  NSA's letter explained that any such materials that "appl[ied] to U.S. persons would also apply in any instance where the U.S. person was a federal or state judge."  *Id.*

The government now moves for summary judgment.

## ARGUMENT

A FOIA requester dissatisfied, as here, "with the agency's response that no records have been found may challenge the adequacy of the agency's search."  *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999); *see also Oglesby v. United States Dep't of Army*, 920 F.2d 57, 67 (D.C. Cir. 1990); *Smith v. Federal Bureau of Investigation*, 448 F. Supp. 2d 216, 220-21 (D.D.C. 2006).  The "adequacy" of the search, however, "is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."  *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *see also Anderson v. Department of State*, 661 F. Supp. 2d 6, 12 (D.D.C. 2009) ("An adequate search is one that 'could . . . have been expected to produce the information requested.'").  "Thus, the fact that a search has yielded no records is immaterial to resolving a FOIA claim.  Rather, an agency is entitled to summary judgment upon a showing through detailed declarations that it performed a search reasonably calculated to locate all responsive records."  *Toolasprashad v. Bureau of Prisons*, 474 F. Supp. 2d 14, 15 (D.D.C. 2007); *see also Oglesby*, 920 F.2d at 68 (noting that "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched, is necessary . . . to allow the district court to determine if the search

was adequate in order to grant summary judgment"). The presumption of good faith afforded such a declaration cannot be rebutted by "a claim that certain documents 'must exist.'" *Electronic Privacy Info. Ctr. v. Department of Homeland Sec.*, 384 F. Supp. 2d 100, 107 n.3 (D.D.C. 2005) (noting that such a claim "is insufficient to raise a material question of fact with respect to the adequacy of the agency's search" (citation omitted)); *Sheffield v. Holder*, 951 F. Supp. 2d 98, 101 (D.D.C. 2013) (noting that a requester "cannot rest [] on mere conjecture or 'purely speculative claims about the existence and discoverability of other documents'" (citation omitted)); *Schwarz v. Department of Treasury*, 131 F. Supp. 2d 142, 149 (D.D.C. 2000) (noting that "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them") (citation omitted). Thus, in the absence of contrary evidence, as here, "such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA." *Richardson v. Department of Justice*, 730 F. Supp. 2d 225, 231 (D.D.C. 2010) (citation omitted).

I.   **The NSA's "No Records" Response Should Be Upheld Under FOIA.**

The Declaration of Pamela Phillips demonstrates that the NSA conducted a reasonable search for documents responsive to Plaintiff's FOIA request. *See Oglesby*, 920 F.2d at 68. NSA tasked those offices "responsible for signals intelligence policy, guidance, and training" – the Office of General Counsel and Signals Intelligence Office of Policy and Corporate Issues[2] – with conducting a search for records responsive to Plaintiff's request for policies, memoranda, training materials and guidance about the propriety of surveilling federal and state judges. Phillips Decl. ¶ 11. A FOIA representative within the Office of General Counsel searched its

---

[2] The Signals Intelligence Office of Policy and Corporate Issues "conduct[s] the necessary minimization procedures of the electronic surveillance of U.S. persons pursuant to the authorities outlined by the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801-1862" and therefore "is also responsible for policy and guidance pertaining to the surveillance by NSA of certain U.S. persons." Phillips Decl. ¶ 13.

electronic database where "information on policies, memoranda, training materials and other documents that have been submitted for review by the Office of General Counsel" are maintained. *Id.* ¶ 12.  The database is searchable by topic, and a topic search for records on "surveillance state judges" and "surveillance federal judges" located no responsive documents. *Id.*  Nor did a search for the subjects "federal judges" and "states judges" yield any responsive documents.  *See id.*

In addition, all attorneys within the Office of General Counsel with responsibility for reviewing "SIGINT [signals intelligence] policies regarding particularities of surveillance" were queried about the existence of such records, and "[a]ll of the attorneys queried replied with negative findings." *Id.*  "[A]lthough the Office of General Counsel maintains documents pertaining to NSA policy on the conduct of Signals Intelligence activities, none of these documents addressed the surveillance of federal or state judges." *Id.*

The Signals Intelligence Office of Policy and Corporate Issues likewise did not locate documents on that subject. *Id.* ¶ 14.  Because the members of that office "routinely work with, all of the applicable laws that allow NSA to conduct its mission to collect, process, analyze, produce, and disseminate signals intelligence ('SIGINT') information for foreign intelligence and counterintelligence purposes" and "routinely addresses the minimization procedures associated with the electronic surveillance of U.S. persons pursuant to the authorities outlined by the Foreign Intelligence Surveillance Act (FISA)," those subject-matter experts were queried about the existence of NSA polices, memoranda, or training materials on surveilling federal and state judges and knew of no such records. *Id.*  Indeed, because the "FISA does not delineate federal or state judges for differential treatment," the Signals Intelligence Office of Policy and Corporate Issues "knew that NSA would not have any documents responsive to Plaintiff's

request." *Id.* Plaintiff therefore was advised that, because federal and state judges are U.S. persons, he might be interested in "publicly-available resources addressing electronic surveillance activities relevant to U.S. persons more generally," specifically, "USSID 18 and NSA/CSS Policy 1-23 documents, available on the ODNI website." *Id.* ¶ 15. On this record, NSA's search and response should be upheld under FOIA. *See id.* ¶¶ 2, 10.

## II.     OLC's "No Records" Response Should be Upheld Under FOIA.

The Declaration of Paul P. Colborn ("Colborn Decl.") demonstrates that OLC conducted a reasonable search for documents responsive to Plaintiff's FOIA request. *See Oglesby*, 920 F.2d at 68. Because OLC is "is a very small component of the Department . . . it is often a straightforward matter to determine, in response to a FOIA request, whether the office has worked on a particular matter and thus whether it may have documents responsive to a particular request for information." Colborn Decl. ¶ 3. That certainly was the case here.

OLC's final work product, such as the legal opinions and memoranda that Plaintiff requested, are "stored principally in two locations." *Id.* ¶ 4. "[F]inal unclassified work product is stored electronically in a shared central storage system that consists of documents in their original file format . . . collected in folders, which are organized by date, on a shared network drive on the Department of Justice electronic file server."[3] *Id.* The system is searchable through the search engine Isys Search Software ("Isys") which permits "full text" keyword searches of documents "as opposed to [] only document titles or e-mail subject lines." *Id.* Such searches "capture forms of the keyword sought without the need for wildcards or expanders," but Isys also "supports various commands for precise keyword searches, including wildcards and Boolean operators." *Id.*

---

[3] "While OLC maintains physical files containing its final unclassified work product, it is OLC's practice to save all final unclassified work product to its electronic central storage system." Colborn Decl. ¶ 4.

OLC has a different system of records for its classified memoranda and opinions. "Paper files containing classified documents must be stored either in individual safes or in OLC's Sensitive Compartmented Information Facility ('SCIF')." *Id*. ¶ 5. "OLC maintains paper files of classified legal memoranda and opinions that are not part of any individual custodian's files . . . as part of the Office's records regarding final classified legal advice that has been provided by OLC." *Id.* Because "OLC's practice [is] to include copies of any final classified legal memoranda and opinions in th[o]se files . . . any such memoranda or opinion should be located in [there]." *Id.*

In searching for records responsive to Plaintiff's request for "memoranda and legal opinion[s] . . . about the propriety of surveilling federal and state judges," (*id.* ¶ 2), OLC conducted keyword searches for unclassified opinions and legal memoranda on OLC's central storage system using Isys. *See id.* ¶ 6. Those searches included a search "for the term 'surveil*' within 15 words of the term 'judge*,' where * denotes a root expander." *Id.* The searches yielded no responsive records. *Id.*

In addition, an OLC Deputy Assistant Attorney General and an OLC Senior Counsel, "both of whom are senior attorneys with long tenures in OLC and have close familiarity with OLC's work on national security and surveillance matters," were asked "whether they were aware of any classified or unclassified OLC opinions or legal memoranda providing advice concerning the surveillance of judges or locations that might contain potentially responsive classified records." *Id*. ¶ 7. "These inquiries and the subsequent search of Isys they generated yielded no responsive records." *Id.* Subsequent to the filing of this lawsuit, OLC searched the "central index of OLC's final work product classified at the Secret or Top Secret levels." *Id*. ¶ 11. That additional search did not yield any responsive documents. Based on this record, OLC's

search for responsive records was reasonable and should be upheld under FOIA. *See Oglesby*, 920 F.2d at 68; *see also* Colborn Decl. ¶ 9 (declaring that "searches conducted by OLC were reasonable and were well-designed to locate any responsive records").

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant this motion and enter judgment in favor of the National Security Agency and the Department of Justice.

Dated: September 26, 2014            Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

/s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD (D.C. Bar 459548)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-3418
Fax: (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Counsel for the National Security Administration and the Department of Justice**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASON LEOPOLD, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-805-TSC |
| NATIONAL SECURITY AGENCY, and DEPARTMENT OF JUSTICE, | ) | |
| Defendants. | ) | |

## PROPOSED ORDER

Upon consideration of the government's Motion for Summary Judgment, the opposition therefore, and the complete record in the case, it is hereby

ORDERED that the government's motion is GRANTED. Judgment is entered in favor of the National Security Agency and the Department of Justice.

SO ORDERED.

Date: _____                    _____
                                        United States District Court Judge