# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-805 (TSC) |
| ) | |
| NATIONAL SECURITY AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF PAUL P. COLBORN

I, Paul P. Colborn, declare as follows:

1.      I am a Special Counsel in the Office of Legal Counsel ("OLC") of the United States Department of Justice (the "Department") and a career member of the Senior Executive Service.  I joined OLC in 1986, and since 1987 I have been responsible for, among other things, supervising OLC's responses to requests it receives under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  I am therefore familiar with OLC's established procedures for processing and responding to FOIA requests, and with OLC's processing of and response to the FOIA request at issue in the above-captioned case.  The following statements are based on my personal knowledge and on information provided to me by OLC attorneys and staff working under my supervision.

2.      On March 10, 2014, OLC received by email a FOIA request from Plaintiff.  This FOIA request sought "any and all memoranda and legal opinion[s] from the Office of Legal Counsel about the propriety of surveilling federal and state judges."  A true and correct copy of that request is attached hereto as Exhibit A.

3.      OLC is a very small component of the Department, employing approximately twenty to twenty-five attorneys at any one time.  Because of the office's small size, it is often a straightforward matter to determine, in response to a FOIA request, whether the office has worked on a particular matter and thus whether it may have documents responsive to a particular request for information.

4.      OLC's final work product, such as the legal opinions or memoranda that the Plaintiff requested here, is stored principally in two locations, depending on whether the final work product is classified or unclassified.  First, OLC's final unclassified work product is stored electronically in a shared central storage system that consists of documents in their original file format (e.g., Microsoft Office, WordPerfect, PDF) collected in folders, which are organized by date, on a shared network drive on the Department of Justice electronic file server.  While OLC maintains physical files containing its final unclassified work product, it is OLC's practice to save all final unclassified work product to its electronic central storage system; accordingly, if OLC has provided any unclassified written advice or has memorialized any unclassified oral advice in writing, that advice should be accessible and searchable through this system.  OLC uses a search engine, called Isys Search Software ("Isys"), to perform keyword searches of this collection of final work product files.  Isys searches the full text of documents (including PDF files) within this collection of final work product, as opposed to searching only document titles or e-mail subject lines.  The keyword searches in Isys capture forms of the keyword sought without the need for wildcards or expanders, but Isys also supports various commands for precise keyword searches, including wildcards and Boolean operators.

5.      Second, OLC may have classified substantive records that could be responsive to a FOIA request.  Paper files containing classified documents must be stored either in individual

safes or in OLC's Sensitive Compartmented Information Facility ("SCIF").  OLC maintains

paper files of classified legal memoranda and opinions that are not part of any individual

custodian's files but rather are maintained as part of the Office's records regarding final

classified legal advice that has been provided by OLC.  It is OLC's practice to include copies of

any final classified legal memoranda and opinions in these files; accordingly, any such

memoranda or opinion should be located in these files.

      6.     In March 2014, an OLC attorney conducted a search for records responsive to this

FOIA request.  Specifically, on March 27, 2014, and March 31, 2014, an OLC attorney

conducted searches for unclassified opinions and legal memoranda on OLC's central storage

system using Isys to perform a keyword search for responsive records; these searches included a

search for the term "surveil*" within 15 words of the term "judge*," where * denotes a root

expander.  These searches identified no documents responsive to the request.  The OLC attorney

had previously used Isys on a regular basis and was experienced in running searches such as the

one conducted here.

      7.     Also on March 27, 2014, the same OLC attorney asked an OLC Deputy Assistant

Attorney General and an OLC Senior Counsel, both of whom are senior attorneys with long

tenures in OLC and have close familiarity with OLC's work on national security and surveillance

matters, whether they were aware of any classified or unclassified OLC opinions or legal

memoranda providing advice concerning the surveillance of judges or locations that might

contain potentially responsive classified records.  These inquiries and the subsequent search of

Isys they generated yielded no responsive records.

8.      By letter dated April 2, 2014, I responded to Plaintiff's FOIA request on behalf of

OLC. My letter informed Plaintiff that, after searching OLC's files, we had found no documents

responsive to his request.  A true and correct copy of this letter is attached hereto as Exhibit B.

9.      I believe that the searches conducted by OLC were reasonable and were well-

designed to locate any responsive records.

10.     OLC was informed that on April 5, 2014, Plaintiff filed an administrative appeal

of OLC's decision with the Office of Information Policy ("OIP").  On May 14, 2014, before OIP

responded to the appeal, Plaintiff filed this lawsuit.

11.     Subsequently, an OLC attorney conducted an additional search for responsive

records by reviewing a central index of OLC's final work product classified at the Secret or Top

Secret levels.  That search yielded no responsive records.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 18, 2014

_____

PAUL P. COLBORN

4

# Colborn Declaration

# EXHIBIT A

*Rec'd 3/10/14*

*FY 14-035*

**Farris, Bette (OLC)**

| | |
|---|---|
| **From:** | Jason Leopold <jasonleopold@gmail.com> |
| **Sent:** | Monday, March 10, 2014 2:23 PM |
| **To:** | USDOJ-Office of Legal Counsel (SMO) |
| **Subject:** | Request for records under the Freedom of Information Act |

Bette Farris, Supervisory Paralegal
Office of Legal Counsel
Department of Justice
Room 5515, 950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Dear Ms. Farris,

This is a request for records under the Freedom of Information Act (FOIA), 5 U.S.C. 552, et seq. I am seeking any and all memoranda and legal opinion from the Office of Legal Counsel about the propriety of surveilling federal and state judges.

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. In excising material, please "black out" rather than "white out" or "cut out." In addition, I draw your attention to President Obama's 21 January 2009 Memorandum for the Heads of Executive Departments and Agencies, directing federal agencies to adopt a presumption in favor of disclosure and stating that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

I am a widely published independent investigative reporter and a current contributor to Al Jazeera America (http://america.aljazeera.com/profiles/l/jason-leopold.html). I have also had my journalism published in dozens of domestic and international publications.

According to 5 U.S.C. 552(a)(4)(A)(ii), codifying the ruling of Nat'l Security Archive v. Dept of Defense, 880 F.2d 1381 (D.C. Cir. 1989), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

I have a clear intent to "publish[ ] or otherwise disseminate[ ] information to the public." Id. at 1386 (quoting the following legislative history: 1) It is critical that the phrase "representative of the news media" be broadly interpreted if the act is to work as expected. . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a "representative of the news media." 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)). Therefore, in accordance with the Freedom of Information Act and relevant case law, I, Jason Leopold, should be considered a representative of the news media and as such I am also requesting a public interest fee waiver.

Please ensure that, in accordance with the DC Circuit's ruling in Chambers v. Dept of the Interior, 568 F.3d 998 (D.C. Cir. 2009), all records potentially responsive to this FOIA request are immediately preserved from destruction until the final resolution of this FOIA action. Destruction of potentially responsive records after the receipt of a FOIA request is considered "contumacious conduct" by the DC Circuit. See id. at 1004.

Your agency is required by law to respond to this request within 20 working days. Failure to timely comply may result in the filing of a civil action against your agency in a United States District Court.

Please provide any records produced in response to this request in electronic (soft-copy) form. Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Kind regards,
Jason Leopold

Jason Leopold
Investigative Reporter
1669 Benedict Canyon Drive
Beverly Hills, CA 90210
jasonleopold@gmail.com
213 270 4334

2

# Colborn Declaration
# EXHIBIT B



**U.S. Department of Justice**

Office of Legal Counsel

---

*Washington, D.C. 20530*

April 2, 2014

Jason Leopold
Investigative Reporter
1669 Benedict Hills, CA 90210

**Re: FOIA Tracking No. FY14-035**

Dear Mr. Leopold:

This letter responds to your Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("Office") dated March 10, 2014, which sought records of "memoranda and legal opinion from the Office of Legal Counsel about the propriety of surveilling federal and state judges." A search of the Office's files has located no records responsive to your request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the right to file an administrative appeal. You must submit any administrative appeal within 60 days of the date of this letter by mail to the Office of Information Policy, United States Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530; by fax at (202) 514-1009; or through OIP's e-portal at http://www.justice.gov/oip/oip-request.html. Both the letter and the envelope, or the fax, should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Paul P. Colborn
Special Counsel